**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GEORGE BALL<br>    11 Via Tivoli<br>    Palm Beach Gardens, FL 33418 | ) ) ) ) ) | |
| MALIK BIEL<br>    119 Raleigh Drive, Unit E<br>    Elizabethtown, KY 42701 | ) ) ) ) ) | |
| WILLIAM C. HERNDON, III<br>    40718 Road G<br>    Mancos, CO 81328 | ) ) ) ) ) | Civil Action No. |
| CHARLES F. HOFFMAN<br>    3157 Victor Street<br>    Aurora, CO 80011 | ) ) ) ) ) | **COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |
| JUAN RODRIGUEZ<br>    6821 SW 158th Avenue<br>    Miami, FL 33193 | ) ) ) ) ) | |
| DAVID B. STRINGER<br>    436 Burchs Creek<br>    Crozet, VA 22932 | ) ) ) ) ) | |
| JEFFREY L. WOODEN<br>    P.O. Box 290<br>    Wapiti, WY 82450 | ) ) ) ) ) | |
|             Plaintiffs,<br>        v.<br>DEPARTMENT OF VETERANS<br>AFFAIRS<br>    810 Vermont Avenue NW<br>    Washington, DC 20420<br>             Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | |

## INTRODUCTION

1.     Plaintiffs George Ball, Malik Biel, William Herndon, Charles Hoffman, Juan Rodriguez, David Stringer, and Jeffrey Wooden bring this action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, to compel the United States Department of Veterans Affairs (VA) to act on Plaintiffs' requests for access to documents in their claims files. These documents are urgently needed to enable Plaintiffs to apply for military disability benefits. Although the requests were made as long as 26 months ago, the VA has neither produced the requested documents nor denied the requests. Accordingly, Plaintiffs seek a declaration that the VA has unreasonably delayed responding to Plaintiffs' requests for access to their records and an order requiring the VA to produce the requested records within 20 days of the Court's order.

## PARTIES

2.     Plaintiff George Ball is a disabled veteran of the United States Army. On January 17, 2013, Mr. Ball requested the documents in his VA claims file from the VA.

3.     Plaintiff Malik Biel is a disabled veteran of the United States Army. On August 2, 2013, Mr. Biel requested the records in his VA claims file from the VA.

4.     Plaintiff William Herndon is a disabled veteran of the United States Army. On May 30, 2014, Mr. Herndon requested the records in his VA claims file from the VA.

5.     Plaintiff Charles Hoffman is a disabled veteran of the United States Air Force. On June 12, 2014, Mr. Hoffman requested the records in his VA claims file from the VA.

6.     Plaintiff Juan Rodriguez is a disabled veteran of the United States Army. On May 30, 2013, Mr. Rodriguez requested the records in his VA claims file from the VA.

7. Plaintiff David Stringer is a disabled veteran of the United States Marine Corps. On June 10, 2014, Mr. Stringer requested the records in his VA claims file from the VA.

8. Plaintiff Jeffrey L. Wooden is a disabled veteran of the United States Navy. On January 16, 2014, Mr. Wooden requested the records in his VA claims file from the VA.

9. Each Plaintiff is an individual within the meaning of the Privacy Act, 5 U.S.C. § 552a(a)(2).

10. The VA is an agency of the federal government.

## JURISDICTION

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## FACTS

12. The VA maintains a claims file for each veteran who has applied to the VA for disability benefits. Generally, the claims file contains all documents submitted by the veteran, any information the VA has obtained on behalf of the veteran, and any records the VA creates regarding the veteran. Documents in a claims file may include: a veteran's separation-from-service documents, setting forth the veteran's complete record of service; letters from the VA notifying the veteran of its decision to deny or grant benefits; the VA's rating decision, explaining the veteran's disability rating as determined by the VA; medical records from the veteran's term(s) of service; medical records from the VA Medical Center where the veteran was treated; and the veteran's active duty personnel file. The claims file is also referred to as a claims folder. The VA stores some claims files electronically in a "Virtual VA eFolder."

13. A veteran's VA claims file is located in a system of records maintained by the VA within the meaning of the Privacy Act, 5 U.S.C. §§ 552a(a)(3), (4), (5).

14. A veteran's claims file is part of his record and constitutes information pertaining to him within the meaning of the Privacy Act, 5 U.S.C. §§ 552a(a)(4), (d)(1).

15. When a veteran requests a copy of his or her own claims file, the Privacy Act and its implementing regulations require the VA to make a copy of the file for the veteran or inform the veteran of the denial of the request and the reasons for the denial. 5 U.S.C § 552a(d)(1); 38 C.F.R. §§ 1.577, 1.580. Upon information and belief, the VA usually makes no redactions to the claims file documents provided to a requesting veteran.

16. The VA's procedures for processing Privacy Act requests state that "[r]equests for access to records will be acknowledged within 10 business days if the response cannot be provided within 20 business days, as required by the Privacy Act." VA Handbook 6300.4(3)(d)(1) (Aug. 19, 2013), *available at* http://www.va.gov/vapubs/viewPublication.asp?Pub_ID=701&FType=2.

17. Each Plaintiff submitted a request to the VA for a copy of all documents contained in his VA claims file. To date, the VA has failed to act on Plaintiffs' requests. Without the requested documents, Plaintiffs cannot apply to the Combat-Related Special Compensation program for benefits or the Physical Disability Board of Review (PDBR) for adjustment of the disability rating, on which various benefits are based.

### A. REQUESTS RELATED TO APPLICATIONS FOR COMBAT-RELATED SPECIAL COMPENSATION

18. Plaintiffs George Ball, Jeffrey Wooden, William Herndon, David Stringer, and Charles Hoffman believe that they are eligible for, and desire to apply for, monthly benefits from the Combat-Related Special Compensation program.

19. The Combat-Related Special Compensation program is a U.S. Department of Defense program providing tax-free monthly payments to military retirees with combat-related disabilities. *See* 10 U.S.C § 1413a. Combat-Related Special Compensation benefits supplement any monthly disability benefits the veteran is otherwise receiving from a military department or the VA.

20. Plaintiffs Ball, Wooden, Herndon, Stringer, and Hoffman are eligible to apply for Combat-Related Special Compensation benefits because each receives military disability retirement pay and has one or more combat-related disabilities. 10 U.S.C. § 1413a(c).

21. To qualify for Combat-Related Special Compensation, a veteran must file an application with supporting documentation demonstrating that the veteran's disability is a direct result of combat-related injuries.

22. Copies of certain records from the applicant's VA claims file "must be submitted" with the application for Combat-Related Special Compensation in order for it to be processed. *See* DD Form 2860, Claim for Combat-Related Special Compensation, at Section V, *available at* https://www.hrc.army.mil/TAGD/Apply%20for%20CRSC. Required documents include: copies of "**ALL** VA Rating Decisions, letters, and code sheets"; "All VA documents discussing changes in benefits including Special Monthly Compensation . . . and/or Individual Unemployability"; "Medical records or notes that verify how the injury/disability occurred"; "Physical Evaluation Board [ ] results and/or summaries"; and "Any evidence which can be used to verify the events or circumstances." *Id.*

23. The veteran-applicant has the burden of proving that his or her disability was caused by a combat-related event. The documents submitted with the application are the basis for the decision whether to grant Combat-Related Special Compensation.

## GEORGE BALL

24. Plaintiff George Ball repeats and realleges the allegations in paragraphs 1-23.

25. Mr. Ball believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

26. Mr. Ball seeks the documents in his VA claims file to prepare an application for Combat-Related Special Compensation.

27. On January 17, 2013, the National Veterans Legal Services Program (NVLSP) sent a request on behalf of Mr. Ball to the VA Regional Office in St. Petersburg, Florida, requesting all documents contained in Mr. Ball's VA claims folder.

28. Attached to the January 17, 2013, request was a Privacy Act waiver form signed by Mr. Ball and authorizing disclosure of his records to individuals at NVLSP.

29. The VA Regional Office in St. Petersburg, Florida, received the request on January 28, 2013, as shown by a certified mail return receipt.

30. As of the date of this complaint, the VA has not substantively responded to the January 17, 2013, request and has not produced any of the requested documents.

31. The VA's delay of over 559 working days in acting on Mr. Ball's request has deprived him of his ability to apply for monthly benefits.

## JEFFREY WOODEN

32. Plaintiff Jeffrey Wooden repeats and realleges the allegations in paragraphs 1-23.

33. Mr. Wooden believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

34. Mr. Wooden seeks the documents in his VA claims file to prepare an application for Combat-Related Special Compensation.

35. On January 16, 2014, a paralegal at the law firm DLA Piper sent a request on behalf of Mr. Wooden to the VA Regional Office in Cheyenne, Wyoming, requesting all documents contained in Mr. Wooden's VA claims folder and specifying Mr. Wooden's claims file number.

36. Attached to the January 16, 2014, request was a Privacy Act waiver form signed by Mr. Wooden authorizing disclosure of his records to DLA Piper and to individuals at the NVLSP.

37. The VA Regional Office in Cheyenne, Wyoming, received the request on January 21, 2014, as shown by a certified mail return receipt.

38. By letter dated February 5, 2014, the VA Regional Office in Cheyenne, Wyoming, responded by stating that there would be a delay in processing Mr. Wooden's request, but gave no reason or projected timeline.

39. As of the date of this complaint, the VA has not substantively responded to the January 16, 2014, request and has not produced any of the requested documents.

40. Without access to his VA claims file, Mr. Wooden is unable to file his application for Combat-Related Special Compensation benefits.

41. The VA's delay of over 313 working days in acting on Mr. Wooden's request has deprived him of his ability to apply for monthly benefits and precluded him from receiving any Combat-Related Special Compensation to which he may be entitled.

**WILLIAM HERNDON**

42. Plaintiff William Herndon repeats and realleges the allegations in paragraphs 1-23.

43. Mr. Herndon believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

44. Mr. Herndon seeks the documents in his VA claims folder to prepare his application for Combat-Related Special Compensation.

45. On May 30, 2014, a paralegal at the law firm DLA Piper sent a request on behalf of Mr. Herndon to the VA Regional Office in Lakewood, Colorado, requesting all documents contained in Mr. Herndon's VA claims folder and specifying Mr. Herndon's claims file number.

46. Attached to the May 30, 2014, request was a Privacy Act waiver form signed by Mr. Herndon and authorizing disclosure of his records to DLA Piper.

47. The VA Regional Office in Lakewood, Colorado, received the request on June 3, 2014, as shown by a certified mail return receipt.

48. As of the date of this complaint, the VA has not substantively responded to the May 30, 2014, request and has not produced any of the requested documents.

49. Without access to his VA claims file, Mr. Herndon is unable to file his application for Combat-Related Special Compensation benefits.

50. The VA's delay of over 220 working days in acting on Mr. Herndon's request has deprived him of his ability to apply for monthly benefits and precluded him from receiving any Combat-Related Special Compensation to which he may be entitled.

## DAVID STRINGER

51. Plaintiff David Stringer repeats and realleges the allegations in paragraphs 1-23.

52. Mr. Stringer believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

53. Mr. Stringer seeks the documents in his VA claims file to prepare his application for Combat-Related Special Compensation.

54.     On June 10, 2014, a paralegal at the law firm DLA Piper sent a request on behalf of Mr. Stringer to the VA Regional Office in Winston-Salem, North Carolina, requesting all documents contained in Mr. Stringer's VA claims folder and specifying Mr. Stringer's claims file number.

55.     Attached to the June 10, 2014, request was a Privacy Act waiver form signed by Mr. Stringer and authorizing disclosure of his records to DLA Piper and individuals at NVLSP.

56.     The VA Regional Office in Winston-Salem, North Carolina, received the request on June 12, 2014, as shown by the U.S. Postal Service's electronic tracking confirmation.

57.     As of the date of this complaint, the VA has not substantively responded to the June 10, 2014, request and has not produced any of the requested documents.

58.     Without access to his VA claims file, Mr. Stringer is unable to file his application for Combat-Related Special Compensation benefits.

59.     The VA's delay of over 213 working days in acting on Mr. Stringer's request has deprived him of his ability to apply for monthly benefits and precluded him from receiving any Combat-Related Special Compensation to which he may be entitled.

## CHARLES HOFFMAN

60.     Plaintiff Charles Hoffman repeats and realleges the allegations in paragraphs 1-23.

61.     Mr. Hoffman believes that he is entitled to Combat-Related Special Compensation and plans to file an application for Combat-Related Special Compensation.

62.     Mr. Hoffman seeks the documents in his VA claims folder to prepare his application for Combat-Related Special Compensation.

63.     On June 12, 2014, a paralegal at the law firm DLA Piper sent a request on behalf of Mr. Hoffman to the VA Regional Office in Lakewood, Colorado, requesting all documents contained in Mr. Hoffman's VA claims folder and specifying Mr. Hoffman's claims file number.

64.     Attached to the June 12, 2014, request was a Privacy Act waiver form signed by Mr. Hoffman and authorizing disclosure of his records to DLA Piper and individuals at NVLSP.

65.     The VA Regional Office in Lakewood, Colorado, received the request on June 16, 2014, as shown by a certified mail return receipt.

66.     As of the date of this complaint, the VA has not substantively responded to the June 12, 2014, request and has not produced any of the requested documents.

67.     Without access to his VA claims file, Mr. Hoffman is unable to file his application for Combat-Related Special Compensation benefits.

68.     The VA's delay of over 211 working days in acting on Mr. Hoffman's request has deprived him of his ability to apply for monthly benefits and precluded him from receiving any Combat-Related Special Compensation to which he may be entitled.

### B.  REQUESTS RELATED TO APPLICATIONS TO THE PHYSICAL DISABILITY BOARD OF REVIEW

69.     Plaintiffs Malik Biel and Juan Rodriguez intend to apply to the Physical Disability Board of Review (PDBR) for review of their disability ratings.

70.     The Military Departments assign to service members who are discharged for disability a "disability rating" between 0% and 100% that represents the service member's disability. The disability rating criteria used by the Military Departments are the same criteria used by the VA to assess the degree of disability. When a service member has more than one disability, the Military Department calculates a "combined disability rating."

71. When a Military Department assigns a combined disability rating of 30 percent or more, the service member is entitled to military disability retirement benefits. When a Military Department assigns a combined disability rating of less than 30%, the service member is not entitled to military disability retirement benefits.

72. Congress created the PDBR in 2008 based on studies showing that the Military Departments were shortchanging disabled service members by erroneously assigning them a less than 30% disability rating. These studies showed that a large number of the service members who received disability ratings of less than 30% from a Military Department would apply to the VA after discharge and these same veterans would receive disability ratings of 30% or higher from the VA for the same disabilities under the same disability rating criteria. As a result, Congress created the PDBR to ensure the accuracy and fairness of combined military disability ratings of 20% or less assigned to service members who were discharged between September 11, 2001, and December 31, 2009. *See* 10 U.S.C. § 1554a.

73. An eligible veteran may apply to the PDBR to have the PDBR review his or her combined military disability rating. 10 U.S.C. § 1554a(c).

74. Because, as part of the review process, the PDBR considers the rating previously awarded to an applicant by the VA for his or her medical condition, a veteran's VA disability rating and VA medical records are essential to the veteran's application to the PDBR.

75. Documents reflecting the veteran's VA disability rating and the veteran's VA medical records are in the veteran's VA claims file.

76. As a result of its review, the PDBR may recommend to the secretary of the appropriate military service branch an upward adjustment in the veteran's military disability rating to 30% or higher, which would result in lifetime military disability retirement benefits,

retroactive to the date the veteran was discharged for disability. The PDBR may not recommend reducing the veteran's military disability rating. 10 U.S.C. § 1554a(d).

## MALIK BIEL

77. Plaintiff Malik Biel repeats and realleges the allegations in paragraphs 1-17 and 69-76.

78. Mr. Biel seeks the documents in his VA claims file to prepare his application to the PDBR for adjustment of his disability rating.

79. On August 2, 2013, NVLSP submitted a request on behalf of Mr. Biel to the VA Regional Office in Louisville, Kentucky, requesting all documents contained in Mr. Biel's VA claims folder.

80. Attached to the August 2, 2013, request was a Privacy Act waiver form signed by Mr. Biel and authorizing disclosure of his records to individuals at NVLSP.

81. By letter dated August 7, 2013, the VA Regional Office in Louisville, Kentucky, acknowledged receipt of Mr. Biel's request.

82. As of the date of this complaint, the VA has not substantively responded to the August 2, 2013, request and has not produced any of the requested documents.

83. Without access to his VA claims file, Mr. Biel is unable to file his application with the PDBR for review of his disability rating.

84. The VA's delay of over 426 working days in acting on Mr. Biel's request has deprived him of his ability to apply for review by the PDBR and precluded him from receiving any additional disability retirement benefits to which he may be entitled.

## JUAN RODRIGUEZ

85. Plaintiff Juan Rodriguez repeats and realleges the allegations in paragraphs 1-17 and 69-76.

86. Mr. Rodriguez seeks the documents in his VA claims file to prepare his application to the PDBR for adjustment of his disability rating.

87. On May 30, 2013, NVLSP sent a letter on behalf of Mr. Rodriguez to the VA Regional Office in Decatur, Georgia, requesting all documents in Mr. Rodriguez's VA claims folder and Virtual VA eFolder and specifying Mr. Rodriguez's claims file number.

88. Attached to the May 30, 2013, request was a Privacy Act waiver form signed by Mr. Rodriguez and authorizing disclosure of his records to individuals at NVLSP.

89. The VA Regional Office in Decatur, Georgia, received Mr. Rodriguez's request on June 3, 2013, as shown by the U.S. Postal Service's electronic confirmation.

90. As of the date of this complaint, the VA has not substantively responded to the May 30, 2013, request and has not produced any of the requested documents.

91. Without access to his VA claims file, Mr. Rodriguez is unable to file his application to the PDBR for review of his disability rating.

92. The VA's delay of over 471 working days in acting on Mr. Rodriguez's request has deprived him of his ability to apply for review by the PDBR and precluded him from receiving any additional disability benefits to which he may be entitled.

**CLAIMS FOR RELIEF**

93. The VA's failure to act on Plaintiffs' access requests constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

94. The VA's failure to act on Plaintiffs' access requests violated the Privacy Act, 5 U.S.C. § 552a(d)(1), and thus constitutes agency action that is not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

Wherefore, Plaintiffs request that this Court

A. Declare unlawful the VA's failure to act on Plaintiffs' requests for documents;

B. Order the VA to disclose to each Plaintiff the requested records within 20 days of the Court's order;

C. Award Plaintiffs' their reasonable costs and attorney's fees under 28 U.S.C. § 2412; and

D. Grant all other appropriate relief.

Dated: April 20, 2015

Respectfully submitted,

/s/ Rachel M. Clattenburg
Rachel M. Clattenburg (DC Bar No. 1018164)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-1000

Barton F. Stichman (DC Bar No. 218834)
National Veterans Legal Services Program
1600 K St. NW #500
Washington, DC 20006
202-265-8305